UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

HAGLER ALVAREZ,

                      Plaintiff,

      - against -

THE CITY OF NEW YORK, and "JOHN DOE"
1-5, the names being fictitious and presently
unknown, individually and in their official
capacity as employees of the New York City
Department of Correction,

                    Defendants.

------------------------------------------------------------x

COMPLAINT
06 CV 7112 (KMK)

Jury Trial Demanded

       HAGLER ALVAREZ, by his attorneys, the Law Offices of Matthew Flamm, alleges the following, upon information and belief, as his Complaint:

### Nature of the Action

       1.     This civil rights action arises from the unlawful failure to protect Hagler Alvarez from grievous injuries sustained on or about June 18, 2005, while plaintiff was imprisoned in a City-run jail on Rikers Island.  Mr. Alvarez seeks declaratory relief pursuant to 28 U.S.C. §2201 and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of his civil rights.

### Jurisdiction

       2.     This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3).  Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367.  Plaintiff asks this Court to exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

<u>Venue</u>

3.Pursuant to 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because the events forming the basis of plaintiff's Complaint occurred in that District.

<u>Notice of Claim</u>

4.On or about September 12, 2005, and within ninety days after the claims arose, plaintiff caused a Notice of Claim to be served upon defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

5.The Notice of Claim was in writing and was sworn to by the plaintiff's mother and natural guardian, Magdalena Clotter.

6.The Notice of Claim contained the name and post office address of the plaintiff, the nature of the claims, the time when, the place where, and manner by which the claims arose, and the damage and injuries claimed to have been sustained. The Comptroller's office assigned the claim number 2005PI021344.

7.Defendant City of New York has failed to adjust the claims within the statutory time period.

8.This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

<u>Parties</u>

9.Plaintiff Hagler Alvarez is a citizen of the United States of America who, at all times relevant, was a seventeen year old pre-trial detainee in the custody and control of the City of New York and its employees. On June 18, 2006, Mr. Alvarez was

housed in the 3-Upper housing unit of the Adolescent Reception and Detention Center, a correctional facility located on Rikers Island, in the County of the Bronx, New York.

10. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to its Charter, New York City has established and maintains a Department of Correction as a constituent department. At all times relevant, the City of New York employed the personnel involved in the incident underlying this lawsuit.

11. On or about June 18, 2005 and at all times relevant, the defendants "John Doe" 1-5 (collectively the "individual defendants"), were duly appointed and acting employees, servants or agents of the New York City Correction Department.

12. The individual defendants were at all times relevant agents, servants, and employees acting within the scope of their employment by defendant City of New York.

13. At all times relevant, the individual defendants were acting under color of state law.

Facts Underlying<br>Plaintiff's Claims for Relief

14. On June 18, 2005 at approximately 7:00 p.m. Hagler Alvarez was in the Adolescent Reception and Detention Center ("ARDC"), a correctional facility located on Rikers Island, when he was set upon by a group of inmates. He was grievously injured.

15. Mr. Alvarez, who was seventeen years of age, was assigned to protective custody in ARDC, a designation that indicated the teenager was at special risk for violence within that jail and requiring the individual defendants to provide increased protection against such violence.

16. The individual defendants through their recklessness and deliberate indifference allowed Mr. Alvarez to be viciously assaulted by inmates in 3-Upper in ARDC.

17. Despite that the individual defendant were responsible for the care, custody and control of plaintiff and the other inmates housed in the cell block, the defendants allowed a group of inmates in the 3-Upper Dayroom to attack the plaintiff. One or more of the individual defendants ignored a known foreseeable and preventable risk of harm and failed to take those actions requisite to protecting a person in protective custody.

18. In particular, the defendant assigned to the "bubble" and the cell block of 3-Upper failed to protect the plaintiff not only by failing to properly monitor and supervise the inmates in the 3-Upper Dayroom but also by failing to respond to the assault in a timely manner. This allowed the group of about 8 or 10 inmates to kick and punch the plaintiff for an extended period of time resulting in, among other injuries, multiple fractures to Mr. Alvarez's jaw.

19. The defendants further evidenced their deliberate indifference by, when they finally did intervene, not taking steps to identify the inmates who had attacked Mr. Alvarez. They instead ordered the prisoners back to their cells.

20. Mr. Alvarez was taken to the ARDC Medical Clinic where he was attended to by a nurse who concluded that Mr. Alvarez had been seriously injured and urgently needed to be treated by a physician. However, despite that he had been bleeding from his mouth, had suffered obvious trauma to his eyes and jaw, and was in severe physical pain, Mr. Alvarez was not taken to a physician in a timely manner.

21. Some time around 3:00 a.m. on June 19, 2005 — approximately eight hours after the incident, Mr. Alvarez was presented to a doctor at a Rikers Island medical facility.

22. The doctor who examined Mr. Alvarez concluded that the teenager had to be taken to Bellevue Hospital.  However, despite that plaintiff was in severe pain, had multiple traumatic injuries including bilateral mandible angle fractures, and was unable to open his mouth, the defendants did not transfer Mr. Alvarez to Bellevue Hospital in a timely manner.

23. The plaintiff was admitted to Bellevue Hospital at about 8:00 a.m. on June 19, 2005 — approximately thirteen hours after the assault.  The plaintiff underwent surgery and on June 21, 2005 was released from Bellevue and taken to a medical facility on Rikers Island.

24. As a result of the incident the plaintiff suffered emotional shock and pain.

25. As a result of the assault permitted or caused by the individual defendants, Mr. Alvarez suffered, among other physical injuries, bilateral mandible angle fractures as well as trauma to his face and eyes.  His jaw was repaired with wires and plates.

26. At all times relevant, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and well-being.

FIRST CLAIM FOR RELIEF
FOR DEFENDANTS' FAILURE TO PROTECT
PLAINTIFF UNDER THE UNITED STATES CONSTITUTION

27.     Plaintiff repeats each allegation of paragraphs 1-26 as though fully stated herein.

28.     By the actions described above, including the failure to protect plaintiff from risks posed by other inmates, the individual defendants deprived or caused plaintiff to be deprived of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

29.     By their failure to act, the individual defendants created a high degree of risk of physical harm to the plaintiff, and, in conscious disregard of that risk, deliberately refused to take steps to end or prevent harm to the plaintiff, thereby violating plaintiff's rights under the United States Constitution.

30.     As a consequence thereof Hagler Alvarez has been injured.

SECOND CLAIM FOR RELIEF FOR ASSAULT

31.     Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

32.     By the actions described above, the individual defendants intentionally caused and allowed plaintiff to be placed in apprehension of imminent harmful and offensive contact.

33.     As a consequence thereof Hagler Alvarez has been injured.

THIRD CLAIM FOR RELIEF FOR BATTERY

34.     Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

35.     By the actions described above, defendants intentionally caused and allowed plaintiff to be struck in a harmful and offensive manner.

36.     As a consequence thereof Hagler Alvarez has been injured.

FOURTH  CLAIM FOR RELIEF FOR
DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS
MEDICAL CONDITION IN VIOLATION OF THE UNITED STATES CONSTITUTION

37.     Plaintiff repeats each allegation of paragraphs 1-26 as though fully stated herein.

38.     As described above, defendants acted with deliberate indifference to Mr. Alvarez' serious medical needs, by among other things, failing to properly treat plaintiff and failing to transfer Mr. Alvarez to an emergency room, despite that defendants were aware of, or, but for their deliberate indifference, should have been aware of, the plaintiff's serious medical needs.

39.     Defendants consciously disregarded the serious medical risk posed by Mr. Alvarez' injuries by among other things, failing to immediately provide essential emergency treatment and by failing to transfer the plaintiff to a readily accessible emergency facility in a timely manner as dictated by the plaintiff's medical condition.

40.     As a consequence thereof Hagler Alvarez has been injured.

FIFTH CLAIM FOR RELIEF FOR FAILURE TO
INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

41.     Plaintiff repeats each allegation of paragraphs 1-26 as though fully stated herein.

42.     The individual defendants failed to intervene to prevent, end, or truthfully report the conduct to which plaintiff was subjected, despite having a reasonable opportunity to do so.

43.     As a consequence thereof Hagler Alvarez has been injured.

### SIXTH CLAIM FOR RELIEF FOR VIOLATING
### PLAINTIFF'S RIGHTS UNDER NEW YORK STATE CORRECTION LAW

44.     Plaintiff repeats each allegation of paragraphs 1-26 as though fully stated herein.

45.     By the actions described above, the individual defendants deprived plaintiff of his rights secured under New York State Correction Law sections 500-K and 137(5).

46.     As a consequence thereof Hagler Alvarez has been injured.

### SEVENTH  CLAIM FOR RELIEF FOR NEGLIGENCE

47.     Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

48.     By reason of the foregoing, Defendant CITY OF NEW YORK's agents, servants and employees failed and refused to use such care in the performance of their duties as reasonably prudent Correction employees would have used under similar circumstances.

49.     The acts complained of herein resulted from defendant CITY OF NEW YORK, through its agents, servants and employees, breaching its duty properly to train or supervise its Correction Department personnel.

50.     The CITY OF NEW YORK, through its Correction personnel in a supervisory capacity and with direct supervision of and responsibility for the conduct of the DOE defendants, failed properly to supervise subordinates or to otherwise take action to remedy the wrong done to Mr. Alvarez. Defendant CITY OF NEW YORK was grossly negligent in supervising the DOE defendants by, among other things, failing to

properly investigate the incident, and failing to take any disciplinary action against or remedial measures directed to the DOE defendants.

51. As a consequence thereof, Hagler Alvarez has been injured.

### EIGHTH CLAIM FOR RELIEF FOR NEGLIGENCE

52. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

53. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its Correction Department personnel, including medical personnel.

54. The City's failure properly to assign, train, supervise or discipline its Correction employees, including the personnel involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional conduct and created the atmosphere allowing the individual defendants to believe that they could allow the plaintiff to be attacked with impunity.

55. The City's failure properly to assign, train, supervise or discipline its Correction employees, including medical personnel involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional conduct and created the atmosphere allowing medical personnel to believe that they could, with impunity, deny or delay essential medical treatment for a serious medical condition.

56. By reason of the foregoing, Defendant CITY OF NEW YORK's agents, servants and employees failed and refused to use such care in the performance of their duties as reasonably prudent Correction employees would have used under similar circumstances.

57.   As a consequence thereof Hagler Alvarez has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)   Declaratory relief as follows:
  1. A declaration that plaintiff's rights under the Fourth and Fourteenth 14th Amendments to the United States Constitution were violated;
  2. A declaration that plaintiff's rights under New York State Correction Law sections 500(k) and 137(5) were violated;

(B)   Compensatory damages in an amount to be fixed at trial;

(C)   By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D)   An award to plaintiff of the costs and disbursements herein;

(E)   An award of attorney's fees under 42 U.S.C. §1988; and

(F)   Such other and further relief as this Court may deem just and proper.

Dated:   September 15, 2006
         Brooklyn, New York

                                        S/
                                        MATTHEW FLAMM **MF1309**
                                        Law Offices of Matthew Flamm
                                         Attorneys for Plaintiff
                                        26 Court Street, Suite 600
                                        Brooklyn, New York 11242
                                        (718) 797-3117